**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KIVIA WILLIAMS,

     Plaintiff,

v.                                                          Case No. 8:23-cv-1759-TPB-AAS

CHAD CHRONISTER, et al.,

     Defendants.

_____/

## ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT

This matter is before the Court *sua sponte* on Plaintiff Kivia Williams's complaint (Doc. 1-1). After reviewing the complaint, court file, and the record, the Court finds as follows:

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

The complaint is largely rambling and nearly incoherent. It appears, however, that Plaintiff Kivia Williams is suing Sheriff Chad Chronister, in his individual capacity, along with several law enforcement officers, also in their individual capacities, for numerous violations of her constitutional rights based on the execution of a search warrant at her property on June 16, 2023. She requests damages in the amount of $800,000.

Although the complaint does not contain a short and plain statement of the Court's subject matter jurisdiction, because Plaintiff appears to allege numerous violations of constitutional rights, the Court is satisfied that subject matter jurisdiction exists.

<u>Analysis</u>

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading."  *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)     complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)     complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)     complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)     complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). More important than fitting neatly into these four roughly defined categories is the reason these types of pleadings are so problematic: they all fail "to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests."[1] *Id.* at 1323.

A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson*, 898 F.3d at 1358 (11th Cir. 2018) (internal quotations and citation omitted).

Upon review, the Court finds that the complaint constitutes a shotgun pleading. The complaint is woefully inadequate and does not support any causes of action against Defendants. Plaintiff appears to improperly mix claims against different Defendants, making it difficult for Defendants to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. Plaintiff also does not identify which claims are state law claims and which claims are federal law claims, as discussed more below. This distinction is important for several reasons,

---

[1] The Eleventh Circuit has repeatedly condemned the filing of shotgun pleadings, stating that they

> exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their case to be heard. The court of appeals and the litigants appearing before them suffer as well.

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

including the availability of certain defenses. The complaint therefore does not place Defendants on notice of the actual claims lodged against them or advance a plausible claim upon which relief may be granted.

Initially, the Court notes that Plaintiff does not set out her allegations and claims in separately numbered paragraphs as required. *See* Fed. R. Civ. P. 8(a); 10(b). In any amended complaint, Plaintiff should include a short and plain statement of the facts in separately numbered paragraphs, along with setting out her claims in separately numbered paragraphs.

Next, Plaintiff improperly mixes Defendants, so it is not clear which Defendant is being sued in which count. It appears that Plaintiff intends to sue each of the named Defendants in each count, but the rambling factual allegations do not adequately reference the named Defendants. For instance, although Carlos Cuevas is sued, there do not appear to be any claims or factual allegations directed toward Officer Cuevas. In any amended complaint, Plaintiff must include – as part of the title of the count – which Defendant that claim is against, and she must include specific factual allegations (either in the body of each claim or incorporated from her factual allegations) as to each Defendant named in that claim that would support her claim for relief against that specific individual.

Finally, Plaintiff also improperly mixes causes of actions in her complaint. For instance, in "Claim 1 – No Trespassing," Plaintiff appears to invoke Florida law, along with § 1983 claims arising under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. She therefore appears to combine a state law trespassing claim with numerous § 1983 claims, including a failure to train

claim.  Again, the improper mixing of these claims makes it impossible for Defendants to adequately respond and for the Court to adjudicate any claim.[2]  In any amended complaint, Plaintiff's claims under various constitutional theories must be pleaded in separate claims – she cannot include a state law claim and Fourth Amendment claim in the same count, for instance, or include a Fourth Amendment claim and Sixth Amendment claim in the same count.

Plaintiff is therefore directed to file an amended complaint that (1) identifies with specificity the cause of action brought against each Defendant; (2) sets forth a short and plain statement of facts for each and every claim that Plaintiff intends to pursue; and (3) sets forth a short and plain statement for each count against each Defendant, clearly indicating what each Defendant did to allegedly violate Plaintiff's constitutional rights rather than lumping the allegations together.  Failure to file an amended complaint as directed may result in the dismissal of this case without prejudice without further notice.   Plaintiff is reminded that if she files an amended complaint with the same deficiencies, or with new defects, the Court may dismiss her claims with prejudice.

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.  Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should

---

[2] Claim 2 ("Unlawful Detention"), Claim 3 ("Invalid Search Warrant") and Claim 4 ("Cruel and Unusual Punishment") suffer from the same issues concerning the improper mixing of Defendants and claims.

consider the resources available to *pro se* litigants, including the Legal Information

Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the

Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court,

which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1-1) is **DISMISSED** as a shotgun pleading.

(1) Plaintiff is **DIRECTED** to file an amended complaint that cures the deficiencies

    identified in this Order on or before September 22, 2023.   Failure to file an

    amended complaint as directed will result in this Order becoming a final

    judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.

    Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

2. Due to the Court's *sua sponte* dismissal of the complaint, the motions to dismiss

    (Docs. 7; 8; 9) are **DENIED AS MOOT**.[3]

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 23rd day of

August, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] If Plaintiff files an amended complaint that warrants the filing of any motions to dismiss,
Defendants are encouraged – to the extent practicable – to file a single motion to dismiss
rather than individual motions, particularly where, as here, the arguments for dismissal are
substantially similar or identical.